STATE OF NORTH CAROLINA EX REL. C. J. HANNA, GUARDIAN OF MACK D. FELTON, JR., v. K. L. HOWARD, ADMINISTRATOR OF M. D. FELTON, SR., AND INDIVIDUALLY, THE MASSACHUSETTS BONDING AND INSURANCE COMPANY, AND N. A. TOWNSEND.

(Filed 22 January, 1936.)

1. **Limitation of Actions B b—Action to surcharge and falsify administrator's account is not barred when cause of action is concealed by fraud.**

Plaintiff guardian instituted this action against the administrator of the estate of the ward's father for misapplication of the funds of the estate by loaning money belonging to the estate to a private corporation without approval of the court, and accepting the corporation's note therefor, plaintiff alleging and offering evidence that the administrator and the former guardian agreed to conceal the existence of the loan by listing the note as cash in the administrator's account and by the acceptance of the note as cash by the former guardian in the distribution of the estate. *Held:* The affirmative answer of the jury to the issue of connivance and agreement between the administrator and the former guardian determines adversely to defendant administrator the issues of the bar of the six- and three-year statutes of limitation pleaded by defendant administrator.

2. **Limitation of Actions E c—Exclusion of evidence tending to show that cause of action was not concealed held error.**

Plaintiff guardian instituted action against the administrator of the estate of the ward's father for misapplication of the funds of the estate by loaning same to a private corporation without the approval of the court, and accepting the corporation's note therefor. Plaintiff contended that the cause of action was not barred by the statutes of limitation pleaded because the existence of the loan was concealed by connivance and agreement between the administrator and the former guardian by listing the note as cash, and that the true condition of the estate was

6—209

withheld from the clerk, and that the purported audit and approval of the administrator's account was fraudulently obtained. *Held:* Testimony of a witness as to a conversation with the clerk in which the loan was disclosed and the parties agreed that the administrator should list the note as cash in his account was erroneously excluded, the testimony being competent on asserted concealment of the loan from the clerk and the administrator's fraudulent procurement of his discharge.

**3. Appeal and Error A f—**

Where it is made to appear that a party has died pending appeal, the petition of the personal representative that he be substituted as a party will be allowed. Rules of Practice in the Supreme Court, No. 37.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant K. L. Howard from *Barnhill, J.,* at September Term, 1934, of HARNETT. New trial.

This is an action, instituted 30 March, 1934, by the present guardian of Mack D. Felton, Jr., to recover damages in the sum of $4,500, and interest from 13 January, 1919, from the administrator of the estate of M. D. Felton, Sr., father of the plaintiff's ward, and from the bonding company on the administration bond, and to have "declared a nullity *ab initio*" the former guardianship of N. A. Townsend.

It is alleged by the plaintiff that the administrator, on 13 January, 1919, without obtaining authorization from the courts, loaned to the Dunn Insurance and Realty Company the sum of $4,500, taking therefor the note of said company, endorsed by the former guardian, his brother-in-law and his law partner, all of whom were stockholders in said company; that the said insurance and realty company, the maker of the note, as well as the endorsers thereon, were insolvent; that when the administrator filed his final account and asked for his discharge, his report to the clerk of the Superior Court showed the note of the Dunn Insurance and Realty Company, endorsed as aforesaid, as cash ready for distribution, and that when the administrator settled with the distributees, between 6 December, 1919, and 9 February, 1920, this note was delivered to the former guardian, who gave a receipt therefor as of cash; and that the note is unpaid, long past due, uncollectible and worthless; that said note was turned over to the present guardian (the plaintiff) by the former guardian as an asset of the ward's estate. It is further alleged that the loan of the $4,500 to the Dunn Insurance and Realty Company by the administrator and the acceptance therefor of the note of said company endorsed by its officers and stockholders, the reporting of said note to the clerk of the court as cash, the acceptance of said note by the former guardian and the giving of a receipt therefor as of cash, was all done pursuant to an agreement and connivance between the administrator and former guardian to conceal the existence of said note and of the misapplication of the assets of the estate by the administrator.

HANNA *v.* HOWARD.

The administrator in his answer admits that the loan of $4,500 was made by him to the Dunn Insurance and Realty Company, upon the note of the company, endorsed as alleged, without obtaining any authorization from the courts, and that said note was reported by him to the clerk of the Superior Court as cash, and by him delivered to the former guardian in return for a receipt therefor as of cash. He denies, however, that at the time he took the note and at the time he delivered it to the former guardian that the maker and endorsers thereof were insolvent, and alleges that he took the note in good faith and under legal advice that he was authorized so to do, and specifically denies that there was any agreement or connivance between him and the former guardian to conceal the loan or the existence of the note. The administrator further avers that if the making of the loan or the taking of the note as aforesaid was a technical misapplication of the funds of the estate of his intestate, that any cause of action arising therefrom is barred by the statute of limitations and pleads such statute in bar thereof.

The Massachusetts Bonding and Insurance Company, surety on the administration bond, enters a general denial, avers the want of notice and lack of knowledge of the matters and things alleged in the complaint, and pleads the statute of limitations in bar of recovery.

N. A. Townsend, former guardian, admits the loan to the Dunn Insurance and Realty Company by the administrator, the endorsement by him of the $4,500 note of said company, and the receipt from the administrator by him, as guardian, of said note as cash, but specifically denies any agreement or connivance between him and the administrator to conceal the existence of the loan or of the note.

When the plaintiff had introduced his evidence and rested his case, the court allowed the motion of the bonding company to dismiss the action as to it, apparently upon the ground that any action alleged against the company was barred by the statute of limitations. At the same stage of the trial the court allowed a similar motion of the defendant Townsend, apparently upon the ground that there was no monetary demand made of him and that all of the assets of the ward that had come into his hands had been by him turned over to the present guardian, the plaintiff.

The motion of the defendant Howard for judgment of nonsuit as to him as administrator and individually, made at the close of the plaintiff's evidence, was disallowed, and, after reserving an exception, he offered evidence in rebuttal, and renewed his motion at the close of all the evidence, which was likewise disallowed and exception likewise reserved.

From a judgment based upon the verdict, the defendant Howard, as administrator and individually, appealed to the Supreme Court, assigning errors.

*Faircloth & Fisher and H. Paul Strickland for plaintiff, appellee.*
*Neill McK. Salmon, I. R. Williams, and Ruark & Ruark for defendant Howard, appellant.*

SCHENCK, J. We think the motions for judgment of nonsuit lodged by the appellant were properly disallowed.

The issues submitted and answers made thereto were as follows:

"1. Did the defendant K. L. Howard, as administrator of the estate of M. D. Felton, Sr., misapply assets of said estate by loaning $4,500 thereof to the Dunn Insurance and Realty Company, as alleged? Answer: 'Yes.'

"2. If so, did the said K. L. Howard connive and agree with N. A. Townsend, as guardian of M. D. Felton, Jr., to conceal the existence of said note and the misapplication of said assets? Answer: 'Yes.'

"3. What amount, if any, is now due on said note? Answer: '$4,500, with interest from 13 January, 1920.'

"4. Is plaintiff's cause of action barred by the six-year statute of limitations? Answer: 'No.'

"5. Is plaintiff's cause of action barred by the three-year statute of limitations? Answer: 'No.'"

The most serious controversy centered around the second issue, and the answer to it was determinative of the case. If the second issue had been answered in the negative it would have followed, as a matter of law, that the fourth and fifth issues should have been answered in the affirmative, and thereby have precluded the plaintiff's recovery.

Among other allegations of fraud contained in the complaint is the following: ". . . that the true condition of said estate was fraudulently concealed and withheld from the clerk of the Superior Court of Bladen County by said administrator, and that the purported audit and approval of said account was fraudulently obtained, and that the order attempting to discharge said administrator and relieve his bond of further liability was likewise fraudulently obtained, . . ."

J. C. Clifford, an attorney, testified as a witness in behalf of the defendant, and (in the absence of the jury) the following question and answer were propounded to and made by him, which the court, over defendant's exception, excluded, to wit:

"Question: What conversation took place, if any, between you, K. L. Howard, and W. J. Davis, clerk of the Superior Court of Bladen County, at his office in Elizabethtown, when you and Mr. Howard went to see him with reference to auditing the account of K. L. Howard, administrator of M. D. Felton?

"Answer: Mr. K. L. Howard and I went to see W. J. Davis, then clerk of the Superior Court of Bladen County, about the last of Novem-

ber or first of December, 1919. We thereupon told him that we were ready to settle and make final settlement of the estate, but that part of the estate was in a note of the Dunn Insurance and Realty Company in the sum of $4,500, and the Pope note in the sum slightly in excess of $1,000, if I remember correctly, and certain postal certificates of the deceased, and that if he insisted upon it we should wait until these were converted into cash to make the final report, and Mr. Davis asked me, especially, if I regarded the notes as absolutely solvent, and I told him I did. He asked me if the guardian was willing to accept these notes as cash, and I told him that he was. He told me thereupon to report these as cash and make a final settlement and let the guardian take these notes and savings certificates. Accordingly, we prepared the final account."

Since the plaintiff's case is based upon general allegations of fraudulent agreement and connivance between the administrator and the former guardian to conceal the existence of the loan and of the note given therefor in order, *inter alia,* to deceive the clerk of the Superior Court and thereby obtain his discharge as administrator, we think the excluded evidence was relevant to the issue, and competent as tending to prove that the defendant had not deceived or attempted to deceive the clerk as to the existence of the note, but, on the contrary, had advised him of its existence. For the exclusion of this evidence there must be a new trial, and it is so ordered.

It having been made to appear that the defendant K. L. Howard has died pending this appeal, and that Florence C. Howard has qualified as his executrix, it is ordered, upon her petition filed in this Court, that said executrix be substituted as party defendant in lieu of K. L. Howard, administrator and individually. Rules of Practice in the Supreme Court, No. 37, 200 N. C., 811 (835).

New trial.

DEVIN, J., took no part in the consideration or decision of this case.